**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Jack Leal, | Case No. 2:21-cv-00595-JAD-VCF |
| Petitioner, | |
| v. | **Order Directing Service of Petition and Denying Appointment of Counsel** |
| William Hutchings, et al., | |
| Respondents. | [ECF No. 1-2] |

Petitioner Jack Leal, a *pro se* Nevada prisoner, brings this petition for federal habeas corpus relief under 28 U.S.C. § 2254 to challenge his 2017 Nevada state-court conviction for fraud or deceit in the course of an enterprise and occupation.[1]  He has paid the filing fee.[2] Having conducted a preliminary review of the petition, I now direct that it be served on the respondents.

Turning to Petitioner's motion for appointment of counsel, there is no constitutional right to appointed counsel in a federal habeas corpus proceeding.[3]  An indigent petitioner may request appointed counsel to pursue that relief.[4]  The decision to appoint counsel is generally discretionary,[5] but counsel must be appointed if the case is so complex that denial of counsel would amount to a denial of due process or the petitioner is so uneducated that he is incapable of fairly presenting his claims.[6]  Because the petition in this case sets forth the issues sufficiently

---

[1] The Nevada Supreme Court affirmed the conviction. On March 21, 2019, Leal filed a state petition for writ of habeas corpus.  *See Jack Leal v. State of Nevada*, Case No. A-20-814369-W. The state court denied post-conviction relief.  Petitioner filed a post-conviction appeal.  The Nevada Supreme Court affirmed the denial of relief in October 2020.  Petitioner filed a petition for rehearing and the Nevada Court of Appeals denied rehearing and a remittitur issued on January 12, 2021.

[2] ECF No. 5.

[3] *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)).

[4] 18 U.S.C. § 3006A(a)(2)(B).

[5] *Id.* (authorizing appointed counsel "when the interests of justice so require").

[6] *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

clearly and the legal issues do not appear to be particularly complex, I find that appointment of counsel is not justified. I therefore deny the motion for appointment of counsel.

IT IS THEREFORE ORDERED that Petitioner's Motion for Appointment of Counsel **(ECF No. 1-2) is DENIED**.

IT IS FURTHER ORDERED that the Clerk of Court is directed to:

- **FILE and ELECTRONICALLY SERVE** the petition (ECF No. 1-1) on the respondents; and

- **ADD** Aaron D. Ford, Nevada Attorney General, as counsel for respondents.

IT IS FURTHER ORDERED that **respondents must file a response to the petition within 60 days of service of the petition. Petitioner will then have 60 days from service of the answer, motion to dismiss, or other response to file a reply or opposition.** Any other motions will be subject to the normal briefing schedule under the local rules.

Any response to the petition must comport with Habeas Rule 5. Additionally:

1. Any procedural defenses raised by respondents in this case must be raised together in a single, consolidated motion to dismiss. In other words, the court does not wish to address any procedural defenses raised herein either in seriatum fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from the motion to dismiss will be subject to potential waiver.

2. Respondents must not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except under 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss, not in the answer, and (b) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, should be included with the merits in an answer. All procedural defenses, including exhaustion, must instead be raised by motion to dismiss.

3. In any answer filed on the merits, respondents must specifically cite to and address the

applicable state-court written decision and state-court record materials, if any, regarding each claim within the response as to that claim;

4. Respondents must file the state court exhibits relevant to their response to the petition in chronological order;

5. All state court records and exhibits must be filed in accordance with LR IA 10-3 and LR IC 2-2 and include a separate index identifying each exhibit by number or letter. The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (*e.g.*, ECF No. 10).  Each exhibit must then be filed as an "attachment" to the base document—the index—to receive a sequenced sub-docket number (*e.g.*, Exhibit A (ECF No. 10-1), Exhibit B (ECF No. 10-2), Exhibit C (ECF No. 10-3), and so forth).  If the exhibits will span more than one filing, the base document in each successive filing must be either a copy of the index or volume cover page.  *See* LR IC 2-2(a)(3)(A); and

6. LR IC 2-2(g)'s paper-copies rule is waived for this matter, so paper copies of electronically filed exhibits need not be provided to chambers or to the staff attorney, unless later directed by the court.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: August 25, 2021