# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Jack Leal,

    Petitioner

v.

William Hutchings, et. al.,

    Respondents

Case No.: 2:21-cv-00595-JAD-VCF

**Order Granting in Part and Denying in Part Motion to Dismiss**

[ECF No. 11]

    Pro se petitioner Jack Leal petitions for a writ of habeas corpus under 28 U.S.C. § 2254, arguing that his plea was involuntary, the charging documents were defective, and his counsel had a conflict of interest and was ineffective.[1] Respondents move to dismiss three of Leal's claims as noncognizable, unexhausted, or procedurally defaulted. I find that a portion of ground 2 is noncognizable, so I grant the motion in part and dismiss a portion of ground 2 as described below. I also find that ground 4 is unexhausted, which makes Leal's petition a mixed one. I therefore instruct Leal to choose one of three options for proceeding in this case, and I defer a ruling on the surviving, exhausted claims.

## Background

    Leal challenges his 2017 state-court conviction, after a guilty plea, of multiple transactions involving fraud or deceit in the course of an enterprise and occupation.[2] Leal was sentenced to 72 to 180 months in prison and ordered to pay $757,420.00 in restitution.[3] The

---

[1] ECF No. 8.

[2] ECF No. 12-12.

[3] *Id.* Leal's judgment of conviction was later amended, ordering Leal's restitution to be "payable jointly and severally with [his] Co-Defendant." ECF No. 15-5.

Nevada Court of Appeals affirmed Leal's judgment of conviction,[4] and the Nevada Supreme Court denied review.[5]

Leal filed a state petition for post-conviction relief.[6] The state district court denied Leal's petition,[7] and the Nevada Court of Appeals affirmed[8] and denied rehearing.[9] Leal then filed two additional state petitions for post-conviction relief and two supplemental state petitions for post-conviction relief.[10] The state district court denied these additional petitions as procedurally barred or barred pursuant to the law of the case.[11] Leal appealed,[12] but the Nevada Court of Appeals has not yet reached a decision on that appeal.[13]

Leal dispatched his federal habeas corpus petition on April 3, 2021.[14] Respondents now move to dismiss ground 2 as procedurally defaulted, partially unexhausted, or not cognizable under *Tollett v. Henderson*;[15] ground 3 as partially unexhausted; and ground 4 as unexhausted.[16]

---

[4] ECF No. 14-11.

[5] ECF No. 14-15.

[6] ECF No. 14-20.

[7] ECF No. 15-6.

[8] ECF No. 16-7.

[9] ECF No. 17-19.

[10] ECF Nos. 15-28, 16-1, 17-16, 17-23.

[11] ECF No. 20-11.

[12] ECF No. 20-13.

[13] I take judicial notice of the online docket records of the Nevada appellate courts, which shows that Leal's appeal was transferred to the Nevada Court of Appeals on April 7, 2022. The Nevada appellate courts' docket may be accessed by the public online at http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

[14] ECF No. 8.

[15] *Tollett v. Henderson*, 411 U.S. 258 (1973).

[16] ECF No. 11 at 7–10.

**Discussion**

**A.     Ground 2 is partially barred by *Tollett***

In *Tollett*, the Supreme Court held that "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."[17] So, "[a]s a general rule, one who voluntarily and intelligently pleads guilty to a criminal charge may not subsequently seek federal habeas relief on the basis of pre-plea constitutional violations."[18] A criminal defendant who pleads guilty "may only attack the voluntary and intelligent character of the guilty plea"[19] by showing that the advice he received from counsel was not "within the range of competence demanded of attorneys in criminal cases."[20]

In ground 2, Leal alleges that the criminal complaint and information were defective because they failed to identify the acts he committed.[21] Leal contends that the charging documents did not contain every element of the crimes charged and did not show how he allegedly committed each element.[22] Instead, they lumped him and his co-defendant together

---

[17] *Tollett*, 411 U.S. at 267.

[18] *Hudson v. Moran*, 760 F.2d 1027, 1029–30 (9th Cir. 1985) (citations omitted).

[19] *Tollett*, 411 U.S. at 267.

[20] *McMann v. Richardson*, 397 U.S. 759, 770–71 (1970); *see also United States v. Broce*, 488 U.S. 563, 569 (1989) (explaining that challenges to guilty pleas in the federal habeas context are generally limited to two major issues: (1) whether the plea was voluntary and intelligent, and (2) whether the petitioner received constitutionally adequate assistance of counsel with regard to the plea process).

[21] ECF No. 8 at 5.

[22] *Id.*

3

therefore "making it hard to decipher who is alleged to have done what."[23]  Leal also contends that "[t]h[e] defective information makes any plea unknowingly entered as they were not made with a full and accurate understanding of the crimes being charged."[24]  To the extent that Leal attacks the intelligent character of his guilty plea in relation to the allegedly defective information, ground 2 is not barred by *Tollett* and is cognizable under § 2254.  However, the remainder of ground 2—the independent claim that the complaint and information were allegedly defective—is barred by *Tollett* and is not cognizable under § 2254 because it relates to the alleged deprivation of a constitutional right that occurred before he entered his guilty plea.[25]  Ground 2 is dismissed in part.[26]

**B.     The remainder of ground 2 is not procedurally defaulted**

Procedural default refers to the situation in which a petitioner in fact presented a claim to the state courts, but the state courts disposed of the claim on procedural grounds instead of its merits.  A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state-law ground that is independent of the federal question and adequate to support the judgment.[27]

---

[23] *Id.*

[24] *Id.*

[25] *See Tollett*, 411 U.S. at 267 (explaining that "while claims of prior constitutional deprivation may play a part in evaluating the advice rendered by counsel, they are not themselves independent grounds for federal collateral relief").

[26] Respondents also contend that ground 2 is unexhausted to the extent Leal alleges that the criminal *complaint* was defective because Leal only alleged in his state post-conviction proceedings that the criminal *information* was defective. ECF No. 11 at 8.  Because the remaining portion of ground 2 does not include Leal's criminal-complaint allegation, I need not address respondents' partial-exhaustion argument.  *See Cooper v. Neven*, 641 F.3d 322, 327–28 (9th Cir. 2011) (stating that when a particular issue is dispositive, a district court "need not consider alternative reasons for dismissing the petition").

[27] *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991).

In the remaining portion of ground 2, Leal alleges that "[t]h[e] defective information makes any pleas unknowingly entered as they were not made with a full and accurate understanding of the crimes being charged."[28] In his informal opening brief to the Nevada Court of Appeals, Leal argued that "his plea was entered into both unknowingly and involuntarily" because "[a] plea cannot be truly voluntary unless the defendant receives real notice of the charges against him and the Information here is clearly vague and ambiguous and therefore lacks specificity."[29] Leal also argued that his "guilty plea is invalid and should be vacated and declared as void since the factual basis was not specifically stated with information about [his] actual involvement."[30]

Respondents argue that ground 2 is procedurally defaulted because the Nevada Court of Appeals denied the claim based upon a Nevada procedural default rule: Nev. Rev. Stat. § 34.810(1)(a).[31] It is accurate that the Nevada Court of Appeals held that Leal was not entitled to relief on his claim that "the information did not provide him with proper notice of the allegations against him" because Nev. Rev. Stat. § 34.810(1)(a) only allowed Leal to present claims "based on an allegation that Leal's plea was involuntary or unknowingly entered."[32] But this holding applied to Leal's independent claim that the information was allegedly defective, which I have already dismissed. Importantly, the Nevada Court of Appeals also made a determination on Leal's claim "that, as a result of the defective information, he did not enter a knowing and

---

[28] ECF Nos. 8 at 5.
[29] ECF No. 15-22 at 6.
[30] *Id.* at 7.
[31] ECF No. 11 at 9.
[32] ECF No. 16-7 at 4–5.

voluntary guilty plea."[33] Regarding that claim, the Nevada Court of Appeals held that "[t]he record demonstrates that Leal received proper notice of the allegations against him, because the information provided a plain and concise statement of the essential facts as well as the citation to the statutes discussing the crime of multiple transactions involving fraud or deceit in the course of an enterprise or occupation."[34] So the remaining portion of ground 2 is not procedurally defaulted because the Nevada Court of Appeals did not dispose of the claim on procedural grounds as respondents contend.

## C.     Exhaustion

Because a federal habeas petitioner incarcerated by a state must give state courts a fair opportunity to act on each of his claims before he presents them in a federal habeas petition, federal courts will not consider his petition for habeas relief until the petitioner has properly exhausted his available state remedies for all claims raised.[35] A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral-review proceedings.[36] To properly exhaust state remedies on each claim, the habeas petitioner must "present the state courts with the same claim he urges upon the federal court."[37] The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion.[38] A claim is

---

[33] *Id.* at 4.

[34] *Id.*

[35] *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

[36] *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

[37] *Picard v. Connor*, 404 U.S. 270, 276 (1971).

[38] *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (fair presentation requires both the operative facts and federal legal theory upon which a claim is based).

not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal claim is based.[39]

      Respondents argue that ground 3 is partially unexhausted because Leal's state postconviction conflict-of-interest claim alleged that no conflict waiver existed whereas ground 3 alleges that a conflict waiver was signed on April 10, 2017.[40] In ground 3, Leal alleges that his counsel was ineffective because he began representing Leal and his co-defendant in December 2016 and did not put any conflict waiver into place until April 10, 2017.[41] During the postconviction evidentiary hearing, Leal's postconviction counsel argued that a conflict waiver was signed April 20, 2017, four or five months after counsel's representation commenced and just four days before the plea agreement was signed.[42] And in his informal opening brief to the Nevada Court of Appeals, Leal explained that counsel (1) was representing him and his co-defendant from "November 29, 2016 through April 10, 2017, the time in which [counsel] was negotiating a plea agreement, without any conflict of interest waiver ever being presented to or signed by Leal during this 4 month period," and (2) counsel "was representing both Defendants without any conflict waiver whatsoever for the period between November of 2016 and April of 2017."[43] Accordingly, Leal presented the state district court and Nevada Court of Appeals with the same claim he now urges upon this court.[44] Ground 3 is exhausted.

---

[39] *Bland v. California Dep't of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994).
[40] ECF No. 11 at 9.
[41] ECF No. 8 at 7.
[42] ECF No. 15-4 at 7.
[43] ECF No. 15-22 at 6–7.
[44] *Picard*, 404 U.S. at 276.

Respondents also argue that ground 4 is unexhausted.[45] In ground 4, Leal alleges that counsel was ineffective for failing to disclose to the state district court that his plea deal was a "joint plea/package" with his co-defendant, which would have warranted a more thorough plea canvass.[46] Leal also alleges that counsel was ineffective for never providing him with his pre-sentence investigation report prior to his sentencing.[47] In his informal opening brief to the Nevada Court of Appeals, Leal argued that counsel "failed to disclose the actual conflicts to the court" regarding Leal's co-defendant's "threats and violence against Leal."[48] Leal also argued that the state district court was "required to know if there is a joint plea at the entry of [a] plea hearing so that the court may conduct a more thorough canvass to ensure one Defendant is not against their will."[49] However, Respondents are correct that Leal never connected these arguments to make the specific argument that he alleges in ground 4: counsel failed to disclose the plea package to the state district court. Further, Leal never made an argument regarding counsel's failures in providing the pre-sentence investigation report. Ground 4 is unexhausted.

Because Leal's petition is a mixed one, containing both exhausted and unexhausted claims, he must now choose one of three paths forward and advise the court how he will proceed:

1. He can submit a sworn declaration advising the court that he is voluntarily abandoning ground 4 and will proceed on the exhausted claims only;

2. He can submit a sworn declaration advising the court that he will return to state

---

[45] ECF No. 11 at 9–10.
[46] ECF No. 8 at 9.
[47] *Id.*
[48] ECF No. 15-22 at 6–7.
[49] *Id.* at 8.

8

        court to exhaust ground 4, in which case his federal habeas petition will be denied without prejudice; or

3.     He can file a motion asking the court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims.[50]

Leal is cautioned that a stay and abeyance (option 3) is available only in limited circumstances and only if he shows good cause for his failure to first exhaust his unexhausted claims in state court and that those claims are not plainly meritless.[51] Respondents would then have a chance to respond to his motion. If petitioner fails to choose one of these three options or seek other appropriate relief by June 3, 2022, his federal habeas petition will be dismissed without prejudice as a mixed petition. Leal is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

## Conclusion

Accordingly, IT IS THEREFORE ORDERED that respondents' motion to dismiss **[ECF No. 11] is GRANTED in part and denied in part:**

- Ground 2 is DISMISSED IN PART as described in this order.
- Ground 4 is UNEXHAUSTED.

IT IS FURTHER ORDERED that **Leal has until June 3, 2022, to inform the court which one of the following three options he chooses**: (1) inform this court in a sworn

---

[50] *See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269 (2005); *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002); *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009).

[51] *Rhines*, 544 U.S. at 277 (stating that "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. [And] even if a petitioner [shows good cause], the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.").

declaration that he wishes to formally and forever abandon ground 4 and proceed on the exhausted grounds; OR (2) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust ground 4; OR (3) file a motion for a stay and abeyance, asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust ground 4. **If Leal fails to complete one of these options by this court-ordered deadline, his petition will be DISMISSED**.

If Leal chooses to file a motion for a stay and abeyance or seek other appropriate relief, Respondents may respond according to Local Rule 7-2.

IT IS FURTHER ORDERED that if Leal elects to abandon ground 4, respondents will have 30 days from the date Leal serves his declaration of abandonment in which to file an answer to Leal's remaining grounds for relief. The answer must contain all substantive and procedural arguments for all surviving grounds of the petition and comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. § 2254. Leal will then have 30 days from the date of service of respondents' answer to file a reply.

                                                        U.S. District Judge Jennifer A. Dorsey
                                                                         May 4, 2022